## THE CELTIC CHIEF.

### July 22, 1916.

*Judgments—Modification by lower court after remand by appellate court:* After remand by the appellante court fixing a salvage award at a certain sum, the lower court is without authority to make any deductions from such award, even in order to do equity between the parties. The award being in court, counsel fees may, however, be charged against it for services in the interest of all the awardees in an attempt, subsequent to the remand, to have the award bear interest from the date of the decree appealed from.

*Admiralty:* On motion of shipowner for allowance of certain expenses against salvage award to seamen.

*L. J. Warren* (*Smith, Warren & Sutton,* with him) for the motion.
*W. T. Rawlins* for Inter Island Co. seamen, opposed.

CLEMONS, J.  The decision of this court directed an award of a certain sum "to be divided one-fourth to the officers and crew [of the libellant Inter Island Steam Navigation Company] and three-fourths to the company," which award was modified on appeal to $11,053.25 after deduction of costs; and the decision also allowed certain expenses, but in disallowing certain other expenses stated that the disallowed items amounting to about $1500 were "covered by the general award."

The Inter Island Company having paid into court one-fourth of the whole award, or $2,763.32, now claims that as the disallowed items represent payment for extra stevedores and overtime of crew (and a few other items) contributing to the success of the salvage operations for which the award was made, the libellant company should not bear the whole of these expenses but that the officers and crew should bear their pro rata of one-quarter.  These items of expense are as follows:

Diving—Kaipo $5.00, Launch Exp. $10.00                    $15.00
Extra Expense of lightering and handling cargo:—
      Overtime paid regular men on Mikahala        $160
          "          "          "          "    "  Likelike      76
          "          "          "          "    "  Helene       120
          "          "          "          "    "  Mauna Kea   100   456.00
                                                           ————

Extra Stevedores                                             1052.00

It has been taken for granted by the court that the only
things properly chargeable now against the award to the
officers and crew would be the fees of proctors and reason-
able expenses of litigation outside of the costs bill, on the
principle that these men, sharing in the benefit of the
award, should bear their part of the burden directly inci-
dent to the litigation, particularly as the libel was brought
for the benefit of all concerned. There is nothing in the
decision or decree to indicate that the expenses just men-
tioned were to be borne entirely by the Inter-Island Com-
pany: such items were, obviously, for later consideration
and adjustment.

But as to the items of expense now in question, these
very items were before the court when it made its deci-
sion; and as they were not included in the list of items
specially allowed, but were, in the language of the deci-
sion, "covered by the general award," the natural conclu-
sion would seem to be that they were regarded as in the
same case as the other things, not specially allowed for,
which the Inter-Island Company contributed,—that the
three-fourths was intended to cover everything (except spe-
cially allowed items) that the company contributed, and
the one-fourth to cover what the officers and men contrib-
uted, their skill and labor. The company was primarily
liable for the expenses under consideration, and in the
absence of any suggestion of their being shared by the men,
it seems the more reasonable view that the burden of these

expenses is to stay where it first fell, charged against those originally liable.

It is appreciated that most of these items represent pay received by the men from the company for certain of their efforts in the salvage operations, and that the crew are in a sense twice paid or extra-paid for their services, if these items are charged entirely against the company; but aside from what has been above considered, it is not to be forgotten that the idea of premium or bonus is the very essence of salvage awards, particularly in case of those who have contributed to the work their minds and bodies, as distinguished from property.

If the one-fourth award to the men is unfair to the company, it is too late for correction after approval of this division by the appellate court.

The court was at first surprised at the inclusion of these questioned items in an account which it considered was only to include counsel fees and expenses of litigation outside of the costs-bill, but it is now appreciated that the contention in behalf of the presented account is not unreasonable as a ground for argument, and the endeavor has been made to view the matter from the standpoint of the Inter Island Company as well as from other standpoints. Nevertheless, the first impression remains, and the court cannot give a forced construction to the words of an affirmed decision in order to do what may now be thought to be equity. The fact still is, that what the appellate court affirmed was an award of three-fourths to the company for all that it contributed in ships, tackle, coal, supplies and men (except for certain items for which it was allowed specially) and an award of one-fourth to the men for what they contributed in skill and labor.

In the cognate case of the Miller Salvage Company the very great reduction which would result in the share of the

men from adopting the view contended for here by the Inter Island Company, would also seem to lend support to the ruling now made, that the questioned items be disallowed.

The item of counsel fees for services in the matter of settling the final decree with respect to the question whether the award should bear interest, is allowed, as these services though unsuccessful, were in the interests of the officers and crew as well as of the shipowners.   Other counsel fees are allowed, as above suggested.   See *Trustees v. Greenough,* 105 U. S. 527, 531; *In re Gillaspie,* 190 Fed. 88, 91, par. 9; 2 Thornton on Attorneys at Law, secs. 477, 624.